UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DUANE E. BEATY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent,

Civil Action

Related Case No:
03-Cr-1364 (LAK)
11-CV-8596 (LAK)

---

## MEMORANDUM OF LAW

Petitioner Duane E. Beaty, acting pro-se respectfully moves this Court to Vacate, Set Aside, or Correction his unconstitutional conviction and/or, sentence pursuant to 28 U.S.C. § 2255(F)(4).

### JURISDICTION AND VENUE.

Title 28 Section § 2255 provides for a Federal Prisoner to apply for leave to the District Court that had original Jurisdiction over the criminal case in order to Vacate, Set Aside, or Correct an unlawful conviction/sentence motion by Section § 2255 are subject to a one-year Statute Of Limitations governed by § 2255(F). The Statute provides that the one-year clock is triggered by one of four conditions, whichever occurs later;

    (1) The date on which the judgment of conviction becomes final.

    (2) The date on which the impediment to making a motion

-1-

       created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making a motion by such governmental action.

(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review or

(4) The date on which the factors supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(F)

The grounds for this Application under Section (F)(4) are that newly discovered facts supporting Petitioner's claim has just recently been discovered through the exercise of due diligence is the Government lacked Jurisdiction to try Beaty for the Robbery and Conspiracy to Commit Robbery; and Causing An Individual's Death under the Hobbes Act. Because the Government can not prove any nexus between the charged offenses and Interstate Commerce. Further, Petitioner's Drug Conspiracy Offense was barred from prosecution under the five (5) year State Of Limitations, pursuant to 18 U.S.C. 3282(a). Which additionally presents an actual innocense claim to Beaty's Federal conviction.

**PROCEDURAL HISTORY.**

Petitioner Beaty pled guilty to Robbery and Conspiracy To Commit Robbery; Using And Possessing A Firearm In Furtherance Of The Robbery And Conspiracy To Commit Robbery; Causing An Individual's Death Through Use Of A Firearm; and Using And Possessing A Firearm In Connection With Drug Trafficking activities. He was

sentenced to two (2) consecutive terms of life imprisonment. Beaty appealed the sentence. The Court Of Appeals rejected his Appeal Counsel and argued that his sentence, which was within the range recommended by the sentencing guidelines, was substantively unreasonable. See: **United States v. Beaty**, No. 06-3014-cr (2d Cir. Oct. 30, 2007). However, what is perplexing is Beaty's Appeal Counsel never once during the entire appeal process ever contacted Beaty to discuss any, or all issues that should be presented on his direct appeal. In fact, because Beaty was incarcerated in State Prison, the record demonstrates that Beaty's Appeal Counsel could not even located where he was incarcerated until his appeal had become finalized. Therefore, it is clear that Beaty was not afforded his Constitutional Right to participate in his direct appeal.

When Beaty was finally able to file his first Post-Conviction Motion (Case No. 11-Civ-8596 (LAK)), it was well after the one (1) year Statute Of Limitations provided in the Anti-Terrorism And Effective Death Penalty Act Of 1996 (AEDPA). Accordingly, Beaty's first petition was procedurally defaulted [Time Barred] because Beaty's initial petition was not heard on the merits of his claims. The instant petition would not be considered a second or successive petition under the Habeas Statute. See: **James v. Welsh**, 308 F3d 162, 169 (2nd Cir. 2002), which would allow this Court to hear the instant petition on the merits without seeking permission for the Second Circuit Court Of Appeals pursuant to 28 U.S.C. § 2244.

**ACTUAL INNOCENCE.**

Actual innocense, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar as it was in **Schlap v. Delo**, 513 U.S. 298 (1995) and **House v. Bell,** 547 U.S. 518 (2006), or as in the instant case, expiration of Statute Of Limitation. "[A] petitioner does not meet the threshold requirement unless he persuades the District Court that, in light of the new evidence, no juror, acting reasonably would have voted to find him guilty beyond a reasonable doubt." **Schlap**, 513 U.S. at 329. Within the pleadings of this petition, Beaty will demonstrate that no jury would have found him guilty based on newly discovered evidence. In making an assessment to find actual innocence "the timing of the [petition]" is a factor bearing on the "reliability of the evidence preporting to show actual innocence." **Id. at 332.**

In **Holland v. Florida**, 560 U.S. ___ 130 S.Ct. 2549 (2010), the Supreme Court addressed the circumstances in which a Federal Habeas petitioner could invoke the Doctrine Of Equitable Tolling. **Holland** held that a [habeas] petitioner is entitled to Equitable Tolling only if he shows (1) that he has been pursuing his right diligently, and (2) that some extrordinary circumstances stood in his way and prevented timely filing.

The Supreme Court has not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence. **Herrera v. Collins**, 506 U.S. 390, 404-405, (1993). The High Court did recognize, however, that a prisoner otherwise subject

to defenses of abusive or successive use of the writ [of habeas corpus] may have his Federal Constitutional claim considered on the merits if he makes a proper showing of actual innocence. **Id. at 404**.

In the instant case, Petitioner will demonstrate that no jury would have found him guilty if they had to decide the issues of Jurisdiction on the Robbery Offense's, and the Statute Of Limitations on the charged Drug Offenses.

### JURISDICTIONAL ELEMENT OF THE HOBBS ACT

The Hobbs Act provides for criminal penalties for anyone who "in any way or degree obstructs delays or affects commerce or the movement of any article or commodity in commerce, by Robbery...or attempts or conspires to do so." 18 U.S.C. § 1951(a). Provides an effect on Interstate Commerce is a chargable element of a Hobbs Act Offense, which must be proven beyond a reasonable doubt to a Jury, **United States v. Wilkerson**, 361 F3d. 717, 726, (2d Cir. 2004). "In a Hobbs Act prosecution, proof that commerce was affected is critical since the Federal Government's Jurisdiction of the crime rests only on the interference. **United States v. Elias**, 285 F3d. 183, 188 (2d Cir. 2002). There is nothing more critical. Yet so strikingly obvious, as the need to prove the Jurisdictional element of a crime. **United States v. Leslie**, 103 F3d. 1003, 1103 (2d Cir. 1997). As the Supreme Court has articulated; "The Constitution require[s] criminal conviction to rest upon a Jury determination that the Defendant is guilty of every element of the crime with which he is charged beyond a

reasonable doubt." United States v. Gaudin, 515 U.S. 506, 509-10 (1995). Describing that "uniform general understanding, that the Fifth and Sixth Amendments require conviction by a Jury of all elements of the crime." Sullivan v. Louisiana, 508 U.S. 275, 277-78 (1993). Furthermore, "the prosecution bears the burden of proving all elements of the offense charged to the Jury. Id. (internal quotation omitted).

In the instant case, Petitioner was never informed through his Counsel nor the District Court during the change of Plea Hearing that the Government would have to prove the nexis between Interstate Commerce to a Jury in order to have legal Jurisdiction to prosecute Beaty for the Robbery and Murder offenses. This clearly provides for Ineffective Assistance Of Counsel which further impinged on his right to Due Process during the plea negotiations.

A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently by the Defendant. Rule 11 is meant to ensure that the District Court is satisfied that the Defendant's plea is knowingly, voluntary, and intelligent. United States v. Webb, 403 F.3d 373, 278 (6th Cir. 2005)(citation omitted). This Rule requires, among other things, that before a Court accepts a Defendant's guilty plea, "the Court must inform the Defendant of, and determine that the Defendant understands...the nature of each charge to which the Defendant is pleading," Fed. R. Crim. P. 11(b)(1)(G). Moreover, "the Government must fulfill any promise that it expressly or impliedly makes in exchange for a Defendant's guilty plea," Santobello v. New York, 404 U.S. 257, (1971).

By pleading guilty to criminal charges a Defendant waives several fundamental Constitutional guarantees. Because a Defendant sacrifices requires that a Defendant's guilty plea must be made knowingly, voluntarily, and intelligently. Madry v. Johnson, 467 U.S. 504 (1984). Unless the Defendant fully comprehends the of the crime, and all consequences he faces, to which he is confessing to, "his plea cannot be said to have been knowingly or intelligently entered."

The standard for determining whether a guilty plea is Constitutionally valid is whether the guilty plea represents a voluntary and intelligent choice among the alternative courses of action open to the Defendant. Brady v. United States, 397 U.S. 742 (1970). In applying this standard, Court's look to the totality of the circumstances surrounding the guilty plea. Id. at 749. The Constitution requires the circumstances to reflect that the Defendant was informed of all of the direct and indirect consequences of his plea, Id. at 755. A plea may be involuntary if the Defendant does not fully understand the nature of the Constitutional Rights that he is waiving or unintelligent if the Defendant does not understand the charges against him or fully comprehends all of the consequences that he is subject to as a result of the guilty plea. Henderson v. Morgan, 426 U.S. 637 (1976) (quotations omitted).

In the instant case, the record is void of any notification through Defense Counsel by the District Court that the Government would have to prove a nexis between the offense and how it affected Interstate Commerce as one of the elements of the Robbery offenses, or the element to the Statute Of Limitations concerning the Drug

offense [which will be discussed in the next Section], both of the above elements has always been under the premise of the Jury to decide, or would have had to be admitted by the Defendant. Blackely v. Washington, 542 U.S. 296, 304 (2004) (quotation omitted).

It is abundantly clear the record holds no evidence that Beaty admitted that the Robberies offense affected Interstate Commerce or that he had participated in the Drug Conspiracy within the five (5) year Statute Of Limitations as required in 18 U.S.C. § 3282(a), prior to the Government's filing of the Indictment.

Furthermore, Jurisdicitonal issues can be brought at any time. Therefore, providing legal grounds for this Court to vacate Beaty's convictions on all Counts charged in the Indictment.

## THE STATUTE OF LIMITATIONS ON THE DRUG OFFENSES

Title 18 U.S.C. § 3282(a) provides in pertinent parts;

(a) The general - Expect as otherwise provided by law, no person, shall be prosecuted, tried, or punished for any offense, not capital, unless the Indictment is found or the information is instituted within five (5) years next after such offense shall have been committed.

In the instant case, the Indictment or information was charged in Counts Five and Six alleged Beaty participated in the Drug Conspiracy "from or about 1995 through up to and including 2001." Which was filed on June 6, 2006. However, Beaty has just recently received from State authorities his State Prison record which clearly indicates that he was confined in New York State Prison

from August of 1997 until his parole release date of December 10, 2001. His date of incarceration August 1997 would provide that the Government had to file the Conspiracy charges in Counts 5 and 6 within August 2002 to fall within the five (5) year Statute Of Limitations period.

A Defendant's membership in a Conspiracy is presumed to continue until he withdraws from the Conspiracy by affirmative action. Withdrawal must be shown by evidence that the Defendant acted to defeat or disavow the purposes of the Conspiracy. If the Defendant produces such evidence, the issue of withdrawal goes to the Jury, and the Government must then prove beyond a reasonable doubt that the Defendant did not withdraw from the Conspiracy. **United States v. Urbanik**, 801 F. 2d 692 at 697 (4th Cir. 1986).

Arrest and incarceration of a conspirator will constitute enough evidence of withdrawal from the Conspiracy to create a question for the jury. **United States v. West,** 877 F.2d (4th Cir. 1989).

These newly discovered facts explicitly provide that Beaty had withdrawaled from the Conspiracy in August of 1997 upon his subsequent arrest and incarceration. Accordingly making it virtually impossible for him to continue his participation in the Conspiracy. Additionally, the Government has not provided any evidence that he reentered the Conspiracy or that the Conspiracy continued past the 2001 date charged in the Information And/Or Indictment.

The Sixth Amendment provides that those "accused of a crime

have the right to a trial by an impartial jury." This right, in conjunction with due process requires that each element of a crime be proved to a jury beyond a reasonable doubt, **In re Winship**, 397 U.S. 358 (1970). The substance in scope of the right depends upon the proper designation of the facts that are elements of the crime, such as the factual aspect to the Statute Of Limitation issue in the instant case. Additionally, the **In re Winship** Court expressly held, that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of **"every fact"** necessary to constiute the crime with which he is charged.

There is no indication that Defense Counsel ever investigated the facts pertaining to the Statute Of Limitations issue, prior to advising Beaty to plead guilty to both Drug Offenses. Clearly, if she had then she would have found these charges were barred from prosecution pursuant to the Statute Of Limitation as provided in 18 U.S.C. § 3282(a). Which undoubtedly demonstrates Ineffective Assistance Of Counsel for her deficient and unprofessional performance.

## INEFFECTIVE ASSISTANCE OF COUNSEL
## STANDARD OF REVIEW

The benchmark for judging a claim of Ineffective Assistance Of Counsel is; "whether Counsel's conduct so undermined the proper functioning of the adversarial process that the trial [or other Court proceedings] cannot be relied on as having produced a just result. **Strickland v. Washington**, 466 U.S. 688, 686, (1984). To show a violation of his Constitutional Rights to Counsel, Defendant

must demonstrate both that Counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. **Id. at 689.** To prevail in an Ineffective Assistance claim, the Defendant has the burden to carry both prongs set forth in **Strickland**. **Williams v. Taylor,** 529 U.S. 362, 390, (2000). to show Counsel's performance was unreasonable, a Defendant must establish that; "no competent Counsel would have taken the action that his Counsel did take." **Strickland at 689-90.**

With regard to the prejudice requirement, Defendant must establish that, but for Counsel's deficient performance, the outcome of the proceeding would have been different. **Id. at 694.** In other words, that Counsel's errors were so serious as to deprive the Defendant of a fair trial; trial whose result is unreliable. **Lockhart v. Fretwell**, 506 U.S. 364, 369-70 (1993). Or in the case of the alleged sentencing error, Defendant must demonstrate that there is a reasonable probability that, but for Counsel's error, that the result of the proceeding would have been less harsh due to a reduction in the Defendant's Offense Level. **Glover v. United States**, 531 U.S. 198, 203-204 (2001).

Further, a Defense Counsel may prove to be Constitutionally Ineffective for failure to properly investigate all facts and laws that surround the case at hand or to negotiate an adequate plea agreement. **Hill v. Lockhart**, 474 U.S. 52 (1988).

## REINSTATEMENT OF APPEAL RIGHTS

It is well documented that Beaty's Appellate Counsel never once contacted him in order for him to assist in his own appeal.

-11-

There were several issues that Beaty wanted to argue on direct appeal, and other issues (such as the claim that Beaty presented in the previous Section to this brief), that may have been discovered if Beaty would have been allowed to participate in preparing his direct appeal brief. In a sense, the brief that was filed on his behalf was not his own.

In recent decisions, the Second Circuit has clarified that the definition of "second or successive," in the context of Section 2255 petitions James v. Walsh, 308 F3d 162, 167-68 (2d Cir. 2002) and Urinyi v. United States, 607 3d 318, 320 (2nd Cir. 2010), the Court found that two petitions are not successive under Section 2244 merely because they are both brought by the same prisoner. Rather, to be considered successive, a prisoner's second petition must in a broad sense, represent a second attack by Federal habeas petition on the same conviction. The Court further held that "since the Petitioner's first petition did not contend that his sentence was illegally imposed, it would not have been considered a first § 2255 motion under the AEDPA'S second or successive Rule regardless of how the Petitioner designated it. Id. at 320.

As previously argued, this petition could not be considered a second or successive petition because Beaty's first petition was never heard on the merits to his claims, and since his direct appeal was entirely prepared and submitted without his assitance, knowledge, or approval. He now requests that his initial appeal Judgment be set aside and that his direct appeal rights be reinstated because of the miscarriage of justice that he has suffered by not being allowed to participate in his own appeal process.

**CONCLUSION.**

Therefore, for the above given reasons, this Court should vacate Petitioner's conviction on all Counts of the Indictment, based on the Jurisdictional and Statute Of Limitations presented in this brief, or as an alternative, reinstate his direct appeal rights for the travesty of justice that he has suffered. An Evidentiary Hearing is requested on all issues presented herein.

Respectfully Submitted,

*Duane E. Beaty*
Duane E. Beaty
Reg.No. #55887-054
FCC, USP Coleman-2
P.O. Box 1034
Coleman, Fl. 33521
